IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW GADD, an individual,<br><br>                     Plaintiff,<br>v.<br><br>SOUTH JORDAN CITY; SOUTH JORDAN CITY POLICE DEPARTMENT OFFICER JONATHAN CAMPBELL, an individual; SOUTH JORDAN CITY JUSTICE COURT PROSECUTOR EDWARD MONTGOMERY, an individual; ERIN GADD, an individual; and DOES 1-10;<br><br>                     Defendants. | **AMENDED MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:15-cv-00667-JNP<br><br>District Judge Jill N. Parrish |

## INTRODUCTION

Matthew Gadd ("Mr. Gadd") brings this action against South Jordan City (the "City"), South Jordan City Police Department Officer Jonathan Campbell ("Officer Campbell"), South Jordan City Justice Court Prosecutor Edward Montgomery ("Mr. Montgomery"), and Erin Gadd ("Ms. Gadd"). The City, Officer Campbell, and Mr. Montgomery move for dismissal of the claim[1] asserted against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dockets 11 & 21).

The court holds that Mr. Gadd has failed to state a claim against Mr. Montgomery because Mr. Montgomery is protected by absolute immunity. Mr. Gadd has, however, adequately

---

[1] There was some confusion in opening memorandum regarding which claims were asserted against the City, Officer Campbell, and Mr. Montgomery. In his response, Mr. Gadd makes clear that the only claim asserted against those defendants is the 42 U.S.C. section 1983 claim for malicious prosecution.

stated a claim against the City and Officer Campbell. Accordingly, the court GRANTS the Motion to Dismiss as to Mr. Montgomery, but DENIES the Motion to Dismiss as to Officer Campbell and the City. (Dockets 11 & 21).

## FACTUAL BACKGROUND

As is required when reviewing a motion to dismiss, the court assumes the truth of the following well-plead factual allegations of the complaint. *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (describing this standard).

On June 23, 2014, a two-page Temporary Protective Order ("TPO") was issued at the request of Ms. Gadd against her husband Mr. Gadd. The TPO identified Ms. Gadd as the "Petitioner" and listed Mr. and Ms. Gadd's three children as "Other Person(s) Protected by this Order." The TPO stated: "Do not contact, phone, mail, e-mail, or communicate in anyway with the Petitioner, either directly or indirectly. TEXT ONLY regarding children and parent time."(Emphasis in original). It did not place any restrictions on Mr. Gadd's ability to contact or communicate with his children.

Mr. Gadd returned home from work on June 24, 2014 to find an empty house. Shortly after arriving home, he was served a copy of the TPO by a South Jordan City Police Officer who instructed him to vacate the premises immediately. The following day Ms. Gadd filed for divorce.

On the evening of June 30, 2014, Mr. Gadd sent separate text messages to his two oldest children. The first message was to his son and stated: "Hi [redacted name], I've been thinking about you a lot! I sure love you and miss you. How are you buddy?" The second message was to Mr. Gadd's daughter and stated: "Hi bug! I miss you SO much! How are you doing sweet girl? I think about you all the time and can't wait to see you! Love, daddy." Shortly after the text

messages were sent, Ms. Gadd contacted the South Jordan City Police Department and filed a complaint with Officer Campbell against Mr. Gadd alleging that he had violated the TPO.

According to Officer Campbell's report, he "spoke with [Ms. Gadd] about the violation" and "conformed (sic) in the state system that an active protect of (sic) order was in place prohibiting [Mr. Gadd] form (sic) contact with their kids." Officer Campbell attempted to call Mr. Gadd on multiple occasions but was not able to make contact.

On June 30, 2014, Officer Campbell filed his police report and screening paperwork with the South Jordan City prosecutor, Mr. Montgomery. On July 15, 2014, Mr. Montgomery filed charges against Mr. Gadd in the Justice Court of South Jordan City, charging Mr. Gadd with two counts of violation of a protective order, a Class B Misdemeanor. The charging document lists Officer Campbell as the sole witness providing evidence in the case.

On July 19, 2014, Mr. Gadd received a summons from the Justice Court of South Jordan City summoning him to appear on August 4, 2014, to answer the charges. Upon receipt of the summons, Mr. Gadd contacted his attorney and requested that he reach out to Mr. Montgomery to resolve the charges. Mr. Gadd's attorney unsuccessfully attempted to contact Mr. Montgomery on three separate occasions. No communication occurred between Mr. Montgomery and Mr. Gadd's attorney prior to Mr. Gadd's arraignment on August 4, 2014.

Immediately prior to his arraignment, Mr. Gadd was taken to a room adjacent to the courtroom where he was detained by a court bailiff. Mr. Gadd was informed that he was to be fingerprinted. Mr. Gadd objected and expressly denied permission for the bailiff to take his fingerprints. The bailiff replied that the fingerprinting was mandatory and physically grabbed Mr. Gadd's hands to fingerprint him. Mr. Montgomery was not in attendance at the arraignment. A pretrial conference was scheduled for October 16, 2014.

On September 16, 2014, Mr. Montgomery and Mr. Gadd's attorney spoke on the telephone regarding the charges filed against Mr. Gadd. Mr. Gadd's attorney subsequently emailed Mr. Montgomery pointing out that none of the restrictions in the TPO prohibited Mr. Gadd from communicating with his children. Mr. Gadd's attorney asked Mr. Montgomery to take a second look at the case and asserted that this appeared "to be a case that should be dismissed on its face." Mr. Montgomery replied that he had reviewed the TPO and agreed with that analysis. Mr. Montgomery stated that he had asked his assistant to file a motion to dismiss and thanked Mr. Gadd's attorney for bringing the matter to his attention.

On September 17, 2014, Mr. Montgomery filed a motion with the court to dismiss the charges against Mr. Gadd without prejudice, citing "insufficient evidence" as the reason for dismissal. The court granted the motion to dismiss on September 19, 2014. It was only after the initiation of this lawsuit that the City requested that the charges against Mr. Gadd be dismissed with prejudice.

## ANALYSIS

Officer Campbell, Mr. Montgomery, and the City move to dismiss the claim under 42 U.S.C. section 1983 on the grounds that complaint fails to state a claim on which relief may be granted. Specifically, they argue that Mr. Montgomery is entitled to absolute immunity as a prosecutor, that Officer Campbell is entitled to qualified immunity, and that there are insufficient factual allegations to establish any liability for the City. After setting forth the applicable legal standard, the court will address each of these arguments in turn.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To do so, a plaintiff must plead both a viable legal theory and enough factual matter that, taken as true, makes the claim for relief plausible on its face. *Bryson*, 534 F.3d at 1286. The court must accept the "well-pleaded allegations of the

complaint as true and must construe them in the light most favorable to the plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996). But the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**I.    Mr. Montgomery is protected by absolute immunity.**

Mr. Montgomery argues that the claim against him should be dismissed because he is entitled to absolute immunity. Mr. Gadd alleges that Mr. Montgomery's screening of the charges against him were "objectively unreasonable in light of the facts and circumstances." He further alleges that Mr. Montgomery's actions constitute malicious prosecution because they "procured the initiation of […] charges against an innocent Plaintiff" and "did not have probable cause."

The Supreme Court has recognized that prosecutors are immune to civil suits for acts involved in "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). More specifically, prosecutors are "entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009). The Court recognizes that "this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427. The alternative, however, "would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id*. at 427–28.

5

Absolute immunity applies to a prosecutor's "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). These acts include "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Id.* However, "when a prosecutor performs the investigative functions normally performed by a detective or a police officer," the prosecutor is entitled only to qualified immunity. The Supreme Court uses a "functional approach" to determine whether actions fall within the prosecutor's role as an advocate for the state. *Id.* at 269. The focus is on "the nature of the function performed, not the identity of the actor who performed it." *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

In this case, the allegations in the complaint establish that Mr. Montgomery's actions fell within his role as a prosecutor. It is alleged that Mr. Montgomery reviewed Officer Campbell's statement and the TPO before bringing charges against Mr. Gadd. Mr. Montgomery subsequently filed a criminal information charging Mr. Gadd. Mr. Montgomery then negotiated with Mr. Gadd's attorney and ultimately dismissed the charges. The complaint does not allege any actions taken by Mr. Montgomery that are normally performed by a police officer or detective. Rather, all factual allegations involve his role as prosecutor.

Because all the factual allegations against Mr. Montgomery fall within his role as prosecutor, he is entitled to absolute immunity. This is true even if Mr. Montgomery knowingly and intentionally filed the criminal charges against Mr. Gadd without probable cause. Accordingly, Mr. Montgomery's motion to dismiss the claims against him is GRANTED.

**II.      Mr. Gadd has adequately stated a claim against Officer Campbell.**

Officer Campbell argues that the claims against him must be dismissed because he is entitled to qualified immunity. "In reviewing a Rule 12(b)(6) motion in the context of qualified immunity, a district court should not dismiss a complaint 'for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (quoting *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001)). "In applying this standard to the defense of qualified immunity, [the court] consider[s] whether [the plaintiff]'s factual allegations and related inferences show the violation of a clearly established constitutional right." *Sanchez v. Hartley*, 810 F.3d 750, 754 (10th Cir. 2016).

Officer Campbell argues that Mr. Gadd's complaint is insufficient to overcome the defense of qualified immunity in two respects. First, Mr. Gadd's malicious prosecution claim fails because he never suffered a seizure for purposes of the Fourth Amendment. Second, even if Mr. Gadd suffered a seizure, the law on that point was not clearly established. Each of these arguments will be addressed in turn.

    A.     The complaint alleges that Mr. Gadd suffered a seizure within the meaning of the Fourth Amendment.

Officer Campbell argues that Mr. Gadd was never seized within the meaning of the Fourth Amendment. Under Tenth Circuit law, a malicious prosecution claim requires a seizure within the meaning of the Fourth Amendment. *See Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007).

Officer Campbell argues that Mr. Gadd was not seized because he was neither arrested nor incarcerated. Mr. Gadd responds that he was arrested, or at least seized for purposes of the Fourth Amendment, when he was forcibly fingerprinted by the bailiff. He also alleges that he

was detained by the bailiff and was not free to leave. Mr. Gadd's complaint alleges that he objected to being fingerprinted, the bailiff seized his hands and forced him to be fingerprinted. Given these factual allegations, the court cannot conclude as a matter of law that there was no seizure within the meaning of the Fourth Amendment. In other words, the court cannot conclude "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Peterson*, 371 F.3d at 1201 (quoting *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001)).

> B.  The underlying Fourth Amendment right was clearly established when the violation occurred.

Officer Campbell's second argument is that even if Mr. Gadd's circumstances constituted a seizure for Fourth Amendment purposes, the law on that issue was not clearly established at the time. In other words, Officer Campbell argues that he is entitled to qualified immunity because the law was not clearly established that the *bailiff*'s conduct constituted a seizure. This argument, however, misstates Tenth Circuit law on qualified immunity.

Mr. Gadd's claim is against Officer Campbell, not the bailiff. Thus, qualified immunity will only protect Officer Campbell if the law regarding the illegality of his own conduct was clearly established. The Tenth Circuit recently clarified this point in *Sanchez v. Hartley*. 810 F.3d 750 (10th Cir. 2016). In that case, police officers were accused of knowingly using a false confession to institute legal process. The officers argued that there was considerable uncertainty under Tenth Circuit precedent about whether this could give rise to a section 1983 claim for malicious prosecution and whether that claim arose under the Fourth or Fourteenth Amendment. The officers argued that these uncertainties rendered the law not "clearly established" for purpose of qualified immunity. The Tenth Circuit disagreed and explained that "the purported

uncertainty did not involve the constitutionality of the conduct." *Id.* Rather, the uncertainty was about the proper cause of action.

Similarly, in this case the purported uncertainty goes to whether the bailiff's conduct constituted a seizure. It does not go to Officer Campbell's conduct. Mr. Gadd alleges that Officer Campbell intentionally and knowingly falsified a police report in order to institute legal process. There is no doubt that Officer Campbell had sufficient notice under Tenth Circuit precedent that such conduct was unconstitutional. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1298–99 (10th Cir. 2004) (holding that it was a Fourth Amendment violation to knowingly or recklessly use false information to institute legal process). Accordingly, taking the factual allegations in the complaint in the light most favorable to Mr. Gadd, Officer Campbell is not protected by qualified immunity and his motion to dismiss is DENIED.

### III.     Mr. Gadd has adequately stated a claim against the City.

The City briefly advances two arguments as to why the claim against it should be dismissed. First, it argues that because there was no viable underlying claim against Officer Campbell or Mr. Montgomery, it cannot be vicariously liable. Second, it argues that the complaint does not allege the requisite facts for the City to be held liable for malicious prosecution. Having already held that Mr. Gadd has stated a claim against Officer Campbell, the court need only consider the second of the City's arguments.

The Supreme Court has held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

In his complaint, Mr. Gadd alleges that that City has a "custom of quotas" with respect to citations and criminal prosecutions. Mr. Gadd argues that these quotas have resulted in a "custom of over-vigorously and proactively combatting crime even without probable cause." Mr. Gadd contends that these quotas and customs were "the moving force behind Officer Campbell and [Mr.] Montgomery's violation of Mr. Gadd's civil rights."

As evidence in support of these allegations, the complaint refers to the South Jordan City Police Department website, which features a "Purpose Statement" that reads "It shall be the mission of the Crime Prevention Unit (CPU) to reduce the number of crimes that occur within this community through a vigorous public crime prevention campaign coupled with a rigorous pro-active approach to crime reduction by use of proactive policing methods."

The complaint also refers to comments by a state legislator, who was a former police officer in South Jordan City, made in front of a legislative committee, that asserted he had firsthand knowledge of the police departments' use of quotas for citations. Finally, Mr. Gadd contends that the fact that two employees of the City moved forward with charges when no probable cause existed is additional evidence of this custom.

As stated above, in evaluating a motion to dismiss the court must accept as true all well-pleaded allegations of fact. And "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp v. Twombly*, 550 U.S. at 556, (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Mr. Gadd has adequately pleaded that the City has a policy or custom of quotas that incentivizes officials to issue citations and prosecute crimes without probable cause. If Mr. Gadd is able to prove those assertions, the City may be found liable. Accordingly, Mr. Gadd has adequately stated a claim against the City and the City's motion to dismiss is DENIED.

## CONCLUSION

Mr. Gadd has failed to state a claim against Mr. Montgomery upon which relief may be granted. Accordingly, the court hereby GRANTS the Motion to Dismiss as to Mr. Montgomery. However, Mr. Gadd has adequately stated claims against Officer Campbell and the City. Accordingly, the court hereby DENIES the Motion to Dismiss as to Officer Campbell and the City. (Dockets 11 & 21).

Signed March 17, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge