**IN THE UNITED STATES DISTRICT COURT**
**STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MATTHEW GADD,<br><br>            Plaintiff,<br><br>    vs.<br><br>SOUTH JORDAN CITY,SOUTH JORDAN CITY POLICE DEPARTMENT OFFICER JONATHAN CAMPBELL, SOUTH JORDAN CITY JUSTICE COURT PROSECUTOR EDWARD MONTGOMERY, ERIN GADD, and DOES 1-10,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AS TO SOUTH JORDAN CITY AND ERIN GADD (ECF NO. 88)**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AS TO JONATHAN CAMPBELL, EDWARD MONTGOMERGY, AND GENE MOSS (ECF NO. 88)**<br><br>Case No. 2:15-cv-00667<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Matthew Gadd filed a Motion for Leave to File Second Amended Complaint and Supporting Memorandum.  (Mot. for Leave to File 2d Am. Compl. ("Mot."), ECF No. 88.)  Mr. Gadd seeks leave to amend his Complaint as to Defendants South Jordan City, Erin Gadd, South Jordan City Justice Court Prosecutor Edward Montgomery ("Prosecutor Montgomery"), and South Jordan City Police Department Officer Jonathan Campbell ("Officer Campbell"), and further seeks to add South Jordan City Justice Court Officer Gene Moss ("Officer Moss") as a defendant (the Court refers to South Jordan City, Officer Campbell, Prosecutor Montgomery, and Officer Moss collectively as the "South Jordan Defendants").  The South Jordan Defendants opposed

1

Mr. Gadd's Motion for Leave to File the Second Amended Complaint, (South Jordan Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to File 2d Am. Compl. ("Opp'n"), ECF No. 91), but Ms. Gadd did not.

On May 3, 2018, the undersigned[1] held a hearing on Mr. Gadd's Motion. (ECF No. 112.) During the hearing, the South Jordan Defendants conceded that the District Judge's prior Order allowing the claims against South Jordan City to proceed binds the Court but indicated their continued opposition to the proposed amendments as to Prosecutor Montgomery, Officer Campbell, and Officer Moss.

Because the South Jordan Defendants concede the appropriateness of Mr. Gadd's amendment as to South Jordan City, Ms. Gadd does not oppose Mr. Gadd's amendment as to her, and Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely grant leave to amend when justice requires, the Court GRANTS Mr. Gadd's Motion as to South Jordan City and Ms. Gadd. Further, because Mr. Gadd's amended allegations only allege actions within the scope of a prosecutor's role, they fail to overcome prosecutorial immunity. Therefore, the undersigned RECOMMENDS that the District Judge DENY Mr. Gadd's Motion as to Prosecutor Montgomery. As to Officer Campbell and Officer Moss, Mr. Gadd fails to show that the alleged unconstitutional actions were clearly established as unconstitutional at the time. Thus, the proposed amendment fails to overcome qualified immunity. Accordingly, the undersigned recommends District Judge DENY Mr. Gadd's Motion as to these two Defendants as well.

---

[1] On January 10, 2018, District Judge David Nuffer referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 106.)

## FACTUAL BACKGROUND

Mr. Gadd initiated this action on September 16, 2015, (Compl., ECF No. 1), and filed his First Amended Complaint on November 5, 2015 (1st Am. Compl., ECF No. 19). Mr. Gadd asserted 42 U.S.C. § 1983 claims for malicious prosecution against South Jordan City, Prosecutor Montgomery, and Officer Campbell, and common law malicious prosecution and abuse of process claims against Ms. Gadd. (See 1st Am. Compl., ECF No. 19.)

The allegations in this case arise out of charges that South Jordan City filed—and subsequently dropped—against Mr. Gadd for allegedly violating a Temporary Protective Order ("TPO"). (See generally 1st Am. Compl., ECF No. 19.) A court issued the TPO on June 23, 2014 at the request of Mr. Gadd's then-wife, Ms. Gadd. (Id. ¶ 20 & Ex. D, Temp. Protective Order, June 30, 2014.) The TPO placed restrictions on Mr. Gadd's communications with Ms. Gadd but did not place any restrictions on Mr. Gadd's ability to contact or communicate with his children. (1st Am. Compl., ¶¶ 26–27, & Ex. D, Temp. Protective Order, June 30, 2014, ECF No. 19.) On June 30, 2014, Mr. Gadd sent separate text messages to his two oldest children. (1st Am. Compl. ¶ 39, ECF No. 19.) Shortly thereafter, Ms. Gadd contacted the South Jordan City Police Department asking them to charge Mr. Gadd with violating the TPO. (Id. ¶ 43.) South Jordan dispatched Officer Campbell to investigate. (Id. ¶ 44.) On June 30, 2014, Officer Campbell filed his police report and screening paperwork with Prosecutor Montgomery, a South Jordan City prosecutor. (Id. ¶ 50.) On July 15, 2014, Mr. Montgomery filed charges against Mr. Gadd in the Justice Court of South Jordan City, charging him with two counts of violation of a protective order. (Id. ¶ 55.) On July 19, 2014, Mr. Gadd

received a summons from the Justice Court of South Jordan City summoning him to appear for an arraignment on August 4, 2014. (Id. ¶ 56.) Prior to his arraignment, a South Jordan City bailiff ordered Mr. Gadd to a room adjacent to the courtroom and fingerprinted him. (Id. ¶ 63.) Mr. Gadd objected and expressly denied permission to take his fingerprints, but the bailiff told him it was mandatory and physically grabbed Mr. Gadd's hands to take the fingerprints. (Id.)

On September 2014, Prosecutor Montgomery and Mr. Gadd's attorney spoke on the telephone and exchanged e-mails regarding the charges against Mr. Gadd. (Id. ¶¶ 61, 67–68.) Mr. Gadd's attorney pointed out that none of the restrictions in the TPO prohibited Mr. Gadd from communicating with his children. (Id. ¶ 68.) Prosecutor Montgomery subsequently dropped the charges against Mr. Gadd, indicating in an e-mail that he agreed with the analysis of Mr. Gadd's attorney. (Id. ¶ 69.) On September 17, 2014—one day after Mr. Gadd initiated the present action—Mr. Montgomery filed a motion to dismiss the charges against Mr. Gadd without prejudice, citing "insufficient evidence" as the reason for dismissal, and the court granted the motion to dismiss on September 19, 2014. (Id. ¶ 70–71, 73.)

On November 24, 2015, South Jordan City, Prosecutor Montgomery, and Officer Campbell moved to dismiss the § 1983 malicious prosecution claims asserted against them. (Mot. to Dismiss 1st Am. Compl., ECF No. 21.) Specifically, they argued that absolute immunity shielded Prosecutor Montgomery from suit, that qualified immunity shielded Officer Campbell from suit, and that Mr. Gadd failed to allege sufficient factual allegations to establish South Jordan City's liability. (See id.)

The District Judge granted the motion to dismiss as to Prosecutor Montgomery and denied the motion to dismiss as to South Jordan City and Officer Campbell. (See Am. Mem. Decision & Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss ("Mot. to Dismiss Order"), ECF No. 29.) With respect to Prosecutor Montgomery, the District Judge found as follows:

> In this case, the allegations in the complaint establish that Mr. Montgomery's actions fell within his role as a prosecutor. It is alleged that Mr. Montgomery reviewed Officer Campbell's statement and the TPO before bringing charges against Mr. Gadd. Mr. Montgomery subsequently filed a criminal information charging Mr. Gadd. Mr. Montgomery then negotiated with Mr. Gadd's attorney and ultimately dismissed the charges. The complaint does not allege any actions taken by Mr. Montgomery that are normally performed by a police officer or detective. Rather, all factual allegations involve his role as prosecutor.
>
> Because all the factual allegations against Mr. Montgomery fall within his role as prosecutor, he is entitled to absolute immunity. This is true even if Mr. Montgomery knowingly and intentionally filed the criminal charges against Mr. Gadd without probable cause. Accordingly, Mr. Montgomery's motion to dismiss the claims against him is GRANTED.

(Id. at 6.) As to Officer Campbell, the District Judge found Mr. Gadd's allegations concerning the bailiff sufficient to allege that the bailiff had seized Mr. Gadd within the meaning of the Fourth Amendment, as required to bring a claim for malicious prosecution. (Id. at 7-8.) The District Judge further found the underlying Fourth Amendment right clearly established at the time and therefore rejected Officer Campbell's qualified immunity defense.

> Mr. Gadd alleges that Officer Campbell intentionally and knowingly falsified a police report in order to institute legal process. There is no doubt that Officer Campbell had sufficient notice under Tenth Circuit precedent that such conduct was unconstitutional. See Pierce v. Gilchrist, 359 F.3d 1279, 1298–99 (10th Cir. 2004) (holding that it was a Fourth Amendment violation to knowingly or recklessly use false information to institute legal process). Accordingly, taking the factual allegations in the

complaint in the light most favorable to Mr. Gadd, Officer Campbell is not
protected by qualified immunity and his motion to dismiss is DENIED.

(Id. at 9.)  Finally, the District Judge denied the motion to dismiss as to South Jordan

City, finding as follows:

> Mr. Gadd has adequately pleaded that the City has a policy or custom of
> quotas that incentivizes officials to issue citations and prosecute crimes
> without probable cause.  If Mr. Gadd is able to prove those assertions, the
> City may be found liable.  Accordingly, Mr. Gadd has adequately stated a
> claim against the City and the City's motion to dismiss is DENIED.

(Id. at 10.)

Officer Campbell immediately appealed the District Judge's denial of qualified

immunity.  (Notice of Appeal, ECF No. 30.)  On October 26, 2017, the Tenth Circuit

reversed the District Judge's decision on qualified immunity.  Gadd v. Campbell, 712 F.

App'x 796 (10th Cir. 2017) (unpublished).  Specifically, the Tenth Circuit found no

analogous precedent clearly established that Officer Campbell's alleged conduct

violated the Fourth Amendment, and therefore, qualified immunity protected him from

suit.

> The Supreme Court, then, has taken a rigorous approach to requiring prior
> relevant or controlling precedent that involves factually analogous
> situations holding similar conduct to be unconstitutional before an officer's
> claim to qualified immunity can be denied.  . . .

> Unfortunately for Gadd, he has not cited to us, nor have we found on our
> own, any sufficiently analogous prevailing precedent that clearly
> established that Officer Campbell's alleged conduct violated the Fourth
> Amendment.  To be relevant, such precedent would have to address the
> critical facts alleged here, including 1) the fact that Officer Campbell
> misrepresented the legal significance of the language used in the TPO
> issued against Gadd, construing that language to prevent Gadd from
> communicating by text with his children; and 2) the fact that the TPO,
> which is before the court, but which was not shown to be given to the
> municipal prosecutor, appears by its terms not to restrain Gadd from so
> communicating with his children.

The prior Tenth Circuit cases that the parties have cited clearly indicate that an officer may be liable for deliberately creating false facts or misrepresenting evidence to the court, prosecutor, or other government official issuing process against the § 1983 plaintiff.  For example, in the case most frequently cited by the parties and the district court, Pierce v. Gilchrist, this Court held that the plaintiff had sufficiently stated a § 1983 claim against a police forensic chemist by alleging that the chemist "fabricated inculpatory evidence and disregarded exculpatory evidence, which led prosecutors to indict and prosecute" the wrong man for rape and other crimes.  359 F.3d 1279, 1281-82 (10th Cir. 2004); see also id. at 1282-83, 1293-94.  And in Wilkins v. DeReyes, 528 F.3d 790, 793, 795-99, 804 (10th Cir. 2008), this Court denied qualified immunity on a § 1983 claim alleging officers fabricated evidence by coercing witnesses to give matching statements.  Similarly, in Robinson v. Maruffi, 895 F.2d 649, 650-51 (10th Cir. 1990), this Court upheld a jury verdict for the plaintiff on a § 1983 claim alleging that officers used false testimony to prosecute him.

Unlike those cases, Officer Campbell's alleged misrepresentation to the prosecutor here did not involve falsifying facts or fabricating evidence; instead Gadd alleged that Officer Campbell misinterpreted the meaning of a legal document, the TPO, and conveyed that misinterpretation to the prosecutor, deliberately or recklessly.  A further important point overhanging this scenario is that the prosecutor, an attorney trained to interpret legal documents and the person who ultimately filed the charges against Gadd, could have gotten a copy of the TPO and reviewed it himself before deciding whether charges against Gadd were warranted, had he chosen to do so. …

In sum, because Gadd has not cited, nor have we found, any sufficiently analogous case that clearly establishes that Officer Campbell's alleged conduct violated the Fourth Amendment, he is entitled to qualified immunity from Gadd's § 1983 claim against him.

Id. at 801–02.  Accordingly, the Tenth Circuit reversed the District Judge's decision on qualified immunity and remanded the case for further proceedings.  Id. at 802.

On November 9, 2017, Mr. Gadd filed a Motion seeking leave to file a Second Amended Complaint.  (Mot., ECF No. 88.)  Mr. Gadd seeks to add back to the case Prosecutor Montgomery and Officer Campbell, despite the District Judge's order finding Prosecutor Montgomery immune from suit, and the Tenth Circuit's decision finding

Officer Campbell entitled to qualified immunity. Mr. Gadd claims that newly discovered facts justify adding Prosecutor Montgomery and Officer Campbell back into the case as defendants. Mr. Gadd also seeks to add the bailiff who fingerprinted him—Officer Moss—as a defendant. As with the First Amended Complaint, the proposed Second Amended Complaint asserts § 1983 Fourth Amendment claims for malicious prosecution against South Jordan City and Officer Campbell, and common law malicious prosecution and abuse of process claims against Ms. Gadd. (See Proposed 2d Am. Compl., ECF No. 88-1.) Mr. Gadd also asserts a § 1983 Fourth Amendment unlawful seizure claim against Officer Moss. (See id.) The South Jordan City Defendants opposed Mr. Gadd's Motion for Leave to File the Second Amended Complaint, (Opp'n, ECF No. 91), but Ms. Gadd did not.

On May 3, 2018, the undersigned held a hearing on Mr. Gadd's Motion. (ECF No. 112.) The Court took the Motion under advisement and indicated that it would issue a written order. (Id.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that once the deadline for amending a pleading as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule further states that district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of [the] amendment." United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  A district court's decision to deny leave to amend under Rule 15 falls within its discretion, and the court of appeals reviews the decision only for abuse of discretion.  Id.

"'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'"  Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val–Mejias, 379 F.3d 892, 901 (10th Cir. 2004)); see also Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").

## DISCUSSION

Mr. Gadd seeks to amend his First Amended Complaint.  The proposed amendments would (1) bring Prosecutor Montgomery back into the case as a defendant, despite the District Judge's prior order finding him immune from suit, (Mot. 4-5, ECF No. 88), (2) bring Officer Campbell back into the case as a defendant despite the Tenth Circuit's decision granting him qualified immunity, (id. at 5–8), and (3) add Officer Moss as a defendant for the first time (id. at 8–9).  Mr. Gadd seeks amendment of his First Amended Complaint because "significant factual and procedural developments [] occurred after [he] filed his First Amended Complaint, and after [] Defendant Officer Campbell filed a Notice of Appeal to the Tenth Circuit."  (Id. at 4 (emphasis in original).)

## I. MR. GADD'S PROPOSED AMENDMENTS AS TO PROSECUTOR MONTGOMERY, OFFICER CAMPBELL, AND OFFICER MOSS ARE FUTILE

### A. Prosecutor Montgomery

Mr. Gadd argues that "factual and procedural developments" justify adding Prosecutor Montgomery back as a defendant in the case. Specifically, he points to the Information Prosecutor Montgomery filed (Exhibit J to the proposed Second Amended Complaint, ECF No. 88-1), which lists the charges as Class B misdemeanors, even though they are Class A misdemeanors. (Mot. at 4, ECF No. 88.) Mr. Gadd claims that Prosecutor Montgomery, "during a preliminary investigation of the 'crime' reported against Plaintiff Matthew Gadd, knowingly and maliciously fabricated this criminal violation that doesn't exist under Utah law . . . since the South Jordan City Justice Court only has jurisdiction over Class C and B misdemeanors." (Id.) He claims that this fact, coupled with the other allegations in the proposed Second Amended Complaint (paragraphs 122–24, 141, 145–151, 153–54, 157–61, and 164) provide support for the assertions listed in paragraphs 109–112 of the Second Amended Complaint, which he claims "fall squarely within the exception to absolute immunity for prosecutors that is [set] forth by the Supreme Court in Buckley v. Fitzsimmons, 509 U.S. 259 (1993)." (Id. at 4–5.) Mr. Gadd further states that the proposed amendment attempts to resolve "this Court's concern that Buckley doesn't apply because 'The Complaint does not allege any actions taken by Mr. Montgomery that are normally performed by a police officer or detective.'" (Id. at 5 (quoting Mot. to Dismiss Order, ECF No. 29).) Mr. Gadd claims that the Second Amended Complaint paragraphs 109–112 "expressly allege several actions taken by Defendant Prosecutor Montgomery in which he 'performed the investigative function normally performed by a police officer.'" (Id.)

Paragraphs 109 through 112 allege that Prosecutor Montgomery "participated in a joint preliminary investigation, working hand in hand with Defendant Officer Campbell," of the 'crime' that Defendant Erin Gadd had reported against Plaintiff Matthew Gadd." (Proposed 2d Am. Compl. ¶¶ 109–112; ECF No. 88-1.) Mr. Gadd alleges that the "joint preliminary investigation involved searching for clues and corroboration that might provide probable cause to recommend that Plaintiff Matthew Gadd be arrested" and "occurred prior to Defendant Prosecutor Montgomery acting in the role of an advocate for the state, and prior to actually making a decision to initiate prosecution, prior to preparing an Information, prior to bringing charges, and prior to having probable cause to have Plaintiff Matthew Gadd arrested." (Id. ¶ 109.)

The South Jordan Defendants counter that Mr. Gadd has not alleged any facts that would show Prosecutor Montgomery participated in a joint preliminary investigation. (Opp'n 11–12, ECF No. 91.) Further, they argue that the police documents South Jordan City produced to Mr. Gadd, and which he attaches to his proposed Second Amended Complaint, do not support Mr. Gadd's bare conclusory allegation concerning his participation in a joint preliminary investigation. (Id. at 12.) Finally, they point out that Mr. Gadd made the same argument in opposing the South Jordan Defendants' original motion to dismiss and that the District Judge rejected that argument. (Id.)

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Bd. of Cty. Comm'rs, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing Imbler v. Pachtman, 424 U.S. 409, 425-28 (1976)). Absolute

immunity applies to a prosecutor's "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see also Imbler, 424 U.S. at 431 n.33 ("[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom."). These acts include "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 273. However, a prosecutor does not receive absolute immunity where he "performs the investigative functions normally performed by a detective or a police officer," such as "searching for [] clues and corroboration." Id.

As the District Judge previously found, Mr. Montgomery has immunity from suit in this case. Mr. Gadd—even with the purportedly new allegations in the proposed Second Amended Complaint—does not allege any facts that would show Prosecutor Montgomery acted outside of his role as prosecutor. Mr. Gadd alleges, without factual support, that Prosecutor Montgomery participated in a "joint preliminary investigation," and parrots the language in Buckley, that this "joint preliminary investigation" involved "searching for clues and corroboration." But the facts pled do not support these assertions.

In the paragraphs Mr. Gadd points to as support for his allegations concerning a joint investigation and that Prosecutor Montgomery acted outside his role as prosecutor, Mr. Gadd alleges Prosecutor Montgomery failed to obtain a copy of the TPO and falsely represented that he read it, improperly identified in the Information the misdemeanor

class of the charges brought against Mr. Gadd, did not attend the arraignment, did not return Mr. Gadd's attorney's phone calls, ultimately agreed with Mr. Gadd's attorney and dropped the charges, falsely identified "insufficient evidence" as the reason for dismissing the charges against Mr. Gadd, and attempted to cover-up his alleged misconduct by seeking dismissal of the charges without prejudice. Neither these facts, nor any others alleged in the proposed Second Amended Complaint, show that Prosecutor Montgomery acted outside of his role as prosecutor. Therefore, absolute immunity protects Prosecutor Montgomery from this lawsuit.

Because Prosecutor Montgomery has immunity from suit, Mr. Gadd's proposed amendment as to Prosecutor Montgomery is futile. Accordingly, the undersigned RECOMMENDS the District Judge DENY Mr. Gadd's Motion for leave to amend as to Prosecutor Montgomery.

### B. Officer Campbell

Mr. Gadd also argues that "factual and procedural developments" justify adding Officer Campbell back as a defendant in the case. (Mot. 5, ECF No. 88.) Specifically, Mr. Gadd claims that documents that South Jordan City provided after Officer Campbell's appeal to the Tenth Circuit "reveal that in addition to being the police officer who actively pushed the false [] charges against Plaintiff Matthew Gadd, Defendant Officer Campbell was also the same police officer who served the temporary protective order (TPO) on Plaintiff Matthew Gadd only six days earlier." (Id. (emphasis in original)). Further, Mr. Gadd claims that at the time he served the TPO, Officer Campbell admitted that he explained the TPO to Mr. Gadd and told Mr. Gadd in response to a question that the TPO did not prohibit Mr. Gadd from sending text

messages, yet only six days later wrote in his police report that Mr. Gadd's sending of text messages to his children violated the TPO.  (See id. at 6.)  Mr. Gadd asserts that "these facts reveal that Defendant Officer Campbell did not merely misinterpret the prohibitions of the TPO – instead they reveal that Defendant Officer Campbell correctly interpreted the prohibitions of the TPO but then knowingly and maliciously lied about the prohibitions of the TPO in his police report."  (Id. (emphasis in original).)  In addition, Mr. Gadd claims that "it has become apparent" that Officer Campbell did not attach the TPO to his police report or provide it to Prosecutor Montgomery, which shows that "Defendant Officer Campbell appears to hav[e] knowingly and maliciously withheld this key piece of exculpatory evidence from Defendant Prosecutor Montgomery."  (Id. (emphasis in original).)

Mr. Gadd claims that "[t]hese facts provide evidentiary support for the assertions listed in paragraphs 86-97 of the Second Amended Complaint that fall squarely within the exception to qualified immunity for police officers set forth by the 10th Circuit in Pierce v. Gilchrist, 359 F.3d 1279 (10th Cir. 2004)."  (Mot. 7, ECF No. 88.)  In paragraphs 93, 94, and 95 of proposed Second Amendment Complaint, Mr. Gadd asserts that "Officer Campbell knowingly and maliciously withheld exculpatory evidence from his police report," including that he had personally served the TPO on Mr. Gadd, explained the TPO's provisions to Mr. Gadd, told Mr. Gadd in response to his question that the TPO did not prevent him from sending text messages to his children, failed to explain in the report that the TPO did not prohibit Mr. Gadd from communicating with his children, and failed to attach the TPO to the report.  (Proposed 2d Am. Compl., ¶¶ 93–95, ECF No. 88-1.)  Further, Mr. Gadd alleges that Officer Campbell "knowingly and

maliciously" fabricated false statements of fact—that Mr. Gadd violated the TPO—in his police report.  (See id. ¶¶ 86–89.)  Quoting the Tenth Circuit's decision—in which the court stated that "Officer Campbell's alleged misrepresentation to the prosecutor here did not involve falsifying facts or fabricating evidence" but instead involved Officer Campbell misinterpreting "the meaning of a legal document," Gadd, 712 F. App'x at 801—Mr. Gadd argues that this analysis "hinged" on what the new evidence shows is a "false narrative."  (Mot. 7, ECF No. 88.)  Specifically, Mr. Gadd argues that the "new evidence" shows Officer Campbell "did, in fact falsify facts and fabricate evidence, and did not, in fact, misinterpret the TPO."  (Id. (emphasis in original).)

The South Jordan City Defendants counter that the fact Officer Campbell served the TPO does not constitute "new evidence" because "Mr. Gadd knew that Officer Campbell served the TPO because he was there."  (Opp'n 13, ECF No. 91.)  They further state that service of the TPO is irrelevant to a malicious prosecution claim and that liability cannot arise from the service of a TPO.  (Id.)  Further, the South Jordan Defendants argue that the Tenth Circuit found Officer Campbell entitled to qualified immunity whether he attached the TPO to his police report or not because Prosecutor Montgomery could have accessed the TPO before deciding to charge Mr. Gadd.  (Id. at 12–13.)  Finally, they argue that Mr. Gadd has not cited any law that "clearly establishes" Officer Campbell violated Mr. Gadd's constitutional rights and note that the Tenth Circuit already considered Pierce in its decision.  (Id. at 13.)

"'When a defendant raises a qualified immunity defense, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation.'"

Gadd, 712 F. App'x at 799 (quoting Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016)).  As to the second prong of the qualified immunity analysis, "[t]he law is clearly established if there is a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, that has found the law to be as the plaintiff maintains." Gadd, 712 F. App'x at 800 (citing Sause v. Bauer, 859 F.3d 1270, 1275 (10th Cir. 2017)).  "'A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" Gadd, 712 F. App'x at 800 (quoting Mullenix v. Luna, 577 U.S. ___, 136 S. Ct. 305, 308 (2015) (per curiam)).  "The Supreme Court has warned against defining 'clearly established law . . . at a high level of generality.'" Gadd, 712 F. App'x at 800 (quoting White v. Pauly, 580 U.S. ___, 137 S. Ct. 548, 552 (2017) (per curiam)).  "While there need not be a case 'directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.'" Gadd, 712 F. App'x at 800 (quoting White, 137 S. Ct. at 552 (internal quotations omitted)).

In its decision on Officer Campbell's entitlement to qualified immunity in this case, the Tenth Circuit specifically stated:

> The Supreme Court, then, has taken a rigorous approach to requiring prior relevant or controlling precedent that involves factually analogous situations holding similar conduct to be unconstitutional before an officer's claim to qualified immunity can be denied.  This "is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation that the officer confronts." Mullenix, 136 S. Ct. at 308 (alteration, internal quotation marks omitted).

Gadd, 712 F. App'x at 801.

For purposes of deciding this Motion, the Court presumes that Mr. Gadd's proposed Second Amended Complaint sufficiently alleges a Fourth Amendment

constitutional violation. However, as addressed below, Mr. Gadd has not alleged facts

sufficient to establish that Officer Campbell's alleged conduct violated a "clearly

established" right. First, Mr. Gadd's assertion that Officer Campbell withheld the TPO

from Prosecutor Montgomery is not a new fact that would warrant bringing him back into

this case. In finding that qualified immunity protected Officer Campbell, the Tenth

Circuit presumed that Officer Campbell did not provide the TPO to Prosecutor

Montgomery:

> A further important point overhanging this scenario is that the prosecutor, an attorney trained to interpret legal documents and the person who ultimately filed the charges against Gadd, could have gotten a copy of the TPO and reviewed it himself before deciding whether charges against Gadd were warranted, had he chosen to do so.

Gadd, 712 F. App'x at 801. The Tenth Circuit's finding that Officer Campbell's failure to

provide a copy of the TPO to Prosecutor Montgomery did not violate a clearly

established right binds this Court.

Second, Mr. Gadd fails to cite any case law that would show Officer Campbell's

failure to disclose in his police report that he served the TPO and had a conversation

with Mr. Gadd in which he explained the TPO and told him he could text with his

children violated a clearly established constitutional right. Nor does he cite any case

law that shows his subsequent inclusion of an incorrect legal conclusion in his police

report—that Mr. Gadd violated the TPO—violated a clearly established right. Mr. Gadd

continues to rely on Pierce, but as the Tenth Circuit stated in its decision, the court held

in that case "that the plaintiff had sufficiently stated a § 1983 claim against a police

forensic chemist by alleging that the chemist 'fabricated inculpatory evidence and

disregarded exculpatory evidence, which led prosecutors to indict and prosecute' the

wrong man for rape and other crimes." Gadd, 712 F. App'x at 801 (quoting Pierce, 359 F.3d at 1281-82 (10th Cir. 2004)). Contrary to Pierce in which the forensic chemist fabricated evidence and disregarded exculpatory evidence, Mr. Gadd does not assert facts which show that Officer Campbell fabricated or ignored exculpatory evidence; instead, the facts alleged relate to Officer Campbell's assertion of a legal conclusion in his police report. Moreover, the situation in Pierce is not factually analogous to this case—even with the additional purported facts set forth in the proposed Second Amended Complaint.

Importantly, Mr. Gadd fails to cite a similarly analogous case to the situation here. In particular, Mr. Gadd fails to cite a case that establishes an officer's prior interaction and discussion with a future defendant telling him that the crime he was ultimately charged with committing is legal amounts to exculpatory evidence that an officer is required to disclose. Nor does he cite a case which establishes that a police officer's inclusion of an incorrect legal conclusion in a police report—which a prosecutor could verify before bringing charges—is, for example, tantamount to fabricating evidence. As the Tenth Circuit stated in its order in this case, the Supreme Court requires "prior relevant or controlling precedent that involves factually analogous situations holding similar conduct to be unconstitutional before an officer's claim to qualified immunity can be denied." Gadd, 712 F. App'x at 801. Mr. Gadd has not identified "factually analogous" precedent that would inform an officer in Officer Campbell's position that his conduct violated a clearly established right. Moreover, as the Tenth Circuit acknowledged in its decision, an "important point overhanging" Officer Campbell's conduct is that regardless of what he stated in his police report concerning

Mr. Gadd's purported violation of the TPO, Prosecutor Montgomery—an attorney trained to interpret legal documents—could have obtained and reviewed the TPO to determine whether Mr. Gadd actually violated before bringing charges.

Because Mr. Gadd failed to establish that Officer Campbell violated a clearly established right, qualified immunity shields Officer Campbell from suit. Therefore, Mr. Gadd's proposed amendment as to Officer Campbell is futile. Thus the undersigned RECOMMENDS the District Judge DENY Mr. Gadd's Motion for leave to amend as to Officer Campbell.

### C. Officer Moss

Mr. Gadd also argues that "[f]actual and procedural developments" justify naming Officer Moss as a defendant to a claim of violating his Fourth Amendment rights in the case for the first time. (Mot. 8, ECF No. 88.) In his prior complaints, Mr. Gadd identified Officer Moss only as the unnamed bailiff who fingerprinted Mr. Gadd at the courthouse. Mr. Gadd claims that documents that South Jordan City produced after Officer Campbell filed his appeal and Officer Moss's deposition taken during that same period reveal that "Officer Moss actually placed Plaintiff Matthew Gadd under arrest prior to the arraignment hearing on August 4, 2014, instead of merely 'fingerprinting' him as repeatedly alleged by Defendants South Jordan City and Officer Campbell." (Id.) Mr. Gadd also asserts he can appropriately name Officer Moss as a defendant because Prosecutor Montgomery and Officer Campbell have previously tried to "shift the blame for the Fourth Amendment seizure" to Officer Moss. (Id.)

The South Jordan Defendants argue that qualified immunity protects Officer Moss because the Tenth Circuit already held on the earlier appeal that Mr. Gadd was

never seized and "because there are no cases clearly establishing malicious prosecution based on fingerprinting at an arraignment." (Opp'n 14–15, ECF No. 91.) They further point out that "Mr. Gadd does not even attempt to carry his burden on the second prong of qualified immunity, citing no cases suggesting a violation of 'clearly established' law by [Officer] Moss." (Id. at 15.)

Again, for purposes of deciding this Motion, the Court presumes that Mr. Gadd's proposed Second Amended Complaint sufficiently alleges a Fourth Amendment constitutional violation, satisfying the first part of the qualified immunity analysis. However, as addressed below, Mr. Gadd has not alleged facts sufficient to establish the second part of the qualified immunity analysis—that Officer Moss's alleged conduct violated a "clearly established" right.

Mr. Gadd did not cite any cases in his briefing on the motion for leave to amend analogous to the situation in this case. At the hearing, Mr. Gadd's counsel cited a case from the Seventh Circuit, Albright v. Oliver, 975 F.2d 343 (7th Cir. 1992), aff'd, 510 U.S. 266 (1994). In Albright, the court found that the plaintiff stated a plausible claim for false arrest because his booking qualified as "a seizure of his person within the meaning of the Fourth Amendment." Id. at 344–45. Albright, however, did not address qualified immunity, involved a false arrest claim not at issue here, did not hold particular conduct unconstitutional since it involved a decision on a motion to dismiss, and comes from the Seventh Circuit. Therefore, the case does not constitute controlling precedent involving a "factually analogous" situation "holding similar conduct to be unconstitutional." See Gadd, 712 F. App'x at 801.

Mr. Gadd cites no other cases and thus fails to cite a similarly analogous case to the situation here. Mr. Gadd does not cite a case clearly establishing that an officer constitutionally violates a person's rights by taking him into room at the courthouse and fingerprinting that person on a misdemeanor charge. Because Mr. Gadd has not identified "factually analogous" precedent that would inform an officer in Officer Moss's position that his conduct violated a clearly established right, he cannot meet his burden to show that qualified immunity does not protect Officer Moss.

Because Mr. Gadd fails to establish that Officer Moss violated a clearly established right, qualified immunity shields Officer Moss. Therefore, Mr. Gadd's proposed amendment as to Officer Moss is futile. Thus the undersigned RECOMMENDS that the District Judge DENY Mr. Gadd's Motion for leave to amend as to Officer Moss.

## ORDER

Because the South Jordan Defendants concede the appropriateness of Mr. Gadd's proposed amendments as to South Jordan City, Ms. Gadd does not oppose Mr. Gadd's proposed amendments as to her, and Fed. R. Civ. P. 15(a)(2) provides that a district court should freely grant leave to amend, the Court finds Mr. Gadd's proposed amendments as to South Jordan City and Ms. Gadd appropriate. Therefore the undersigned GRANTS Mr. Gadd's Motion for Leave to File the Second Amended Complaint as to South Jordan City and Ms. Gadd.

## RECOMMENDATION

As addressed above, the undersigned finds Mr. Gadd's proposed amendments as to Officer Campbell, Prosecutor Montgomery, and Officer Moss futile. Accordingly,

the undersigned RECOMMENDS the District Judge DENY Mr. Gadd's Motion for Leave to Amend as to those defendants.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 9th day of July, 2018.

BY THE COURT:

_____
Magistrate Judge Evelyn J. Furse