IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW GADD, Plaintiff, v. SOUTH JORDAN CITY, et al., Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** Case No. 2:15-cv-00667-DN-EJF District Judge David Nuffer |

The Report and Recommendation to Deny Motion for Leave to File Second Amended Complaint as to Jonathan Campbell, Edward Montgomery, and Gene Moss ("R&R")[1] issued by United States Magistrate Judge Evelyn J. Furse on July 9, 2018 recommends that Plaintiff Matthew Gadd's Motion for Leave to File Second Amended Complaint ("Motion")[2] be denied as to Defendants Jonathan Campbell, a South Jordan City police officer; Edward Montgomery, a South Jordan City prosecutor; and Gene Moss, a South Jordan City court officer (collectively, "Employees").

De novo review has been completed of those portions of the report, proposed findings, and recommendations to which objection[3] was made, including the record that was before the Magistrate Judge and the reasoning set forth in the R&R.[4]

Gadd objects to the R&R because, according to him, the Magistrate Judge failed to accept as true all facts alleged in Gadd's proposed amended complaint and to view all reasonable

---

[1] Docket no. 113, filed July 9, 2018.

[2] Docket no. 88, filed November 9, 2017.

[3] Plaintiff's Objections to Magistrate Judge's Report and Recommendation ("Objections"), docket no. 114, filed July 23, 2018.

[4] 28 U.S.C. § 636(b).

factual inferences in his favor.[5] While courts accept a complaint's well-pleaded factual allegations when considering a motion to dismiss for failure to state a claim, no presumption of truthfulness is given to "bald assertions," legal conclusions, opinions, deductions, or "opprobrious epithets"—even if they are characterized as factual allegations.[6] Here, the Magistrate Judge gave proper consideration to the factual allegations set forth in Gadd's proposed amended complaint. The Magistrate Judge likewise correctly concluded that Gadd's proposed amendments are futile as to the Employees for the reasons stated in the R&R.

Gadd further objects to the R&R because, according to him, the Magistrate Judge ignored "common sense notion[s]" emanating from case law showing that the Employees' conduct violated clearly established law.[7] Gadd is incorrect. The Magistrate Judge properly interpreted and applied applicable case law. She also correctly concluded that Gadd's proposed amendments are futile as to the Employees because, as explained in the R&R, the Employees' conduct did not violate clearly established law at that time. Moreover, even if—as Gadd argues—Montgomery were not entitled to absolute immunity, Montgomery would still be entitled to qualified immunity because Gadd has not shown that Montgomery's conduct violated clearly established law.

The analysis and conclusion of the Magistrate Judge are accepted and the R&R[8] is adopted.

As an aside, and regardless of the merits of the parties' respective positions, all parties are

---

[5] Motion § 3.

[6] *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (citation omitted); *In re Party City Secs. Litigation*, 147 F. Supp. 2d 282, 297 (D.N.J. 2001) (citations omitted); *Kramer v. Van Dyke Pub. Schs.*, 918 F. Supp. 1100, 1104 (E.D. Mich. 1996) (citations omitted).

[7] *Id.* § 4.

[8] Docket no. 113, filed July 9, 2018.

reminded of their obligation to comply with the Utah Standards of Professionalism and Civility, including particularly standards 1 and 4. In accordance with these standards, it is not appropriate (let alone persuasive) to, for example, lightly refer to opposing parties as "corrupt and brutally unjust" or to their attorneys as liars and bullies.[9]

## ORDER

IT IS HEREBY ORDERED that the Objections[10] are OVERRULED and the R&R[11] is ADOPTED.

Signed September 24, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[9] *See, e.g.*, Plaintiff Matthew Gadd's Memorandum in Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion 2, 8, 10-11, docket no. 92, filed November 22, 2017.

[10] Docket no. 114, filed July 23, 2018.

[11] Docket no. 113, filed July 9, 2018.