IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW GADD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH JORDAN CITY, ERIN GADD, and DOES 1-10,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT SOUTH JORDAN CITY'S MOTION TO BIFURCATE DISCOVERY (ECF NO. 141)**<br><br>Case No. 2:15-cv-00667<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendant South Jordan City ("South Jordan") moves to bifurcate discovery regarding the pending Monell claim asserted against it into two phases: first, whether a constitutional violation caused the allege harm, and then second, whether the South Jordan bears responsibility for that harm, i.e. whether such violations occurred as a matter of custom, policy, or practice. (ECF No. 141.) South Jordan cites Federal Rule of Civil Procedure 42(b) as the basis for its Motion, which allows for bifurcation of trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." South Jordan does not seek to bifurcate trial, only discovery. Bifurcation under Rule 42 is not "'the norm or even a common occurrence.'" Bonham v. GEICO Cas. Co., No. 15-CV-02109-MEH, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016) (unpublished) (quoting The Marianist Province of the United States, Inc. v. Ace USA, No. 08-cv-01760-WYD-MEH, 2010 WL 2681760, at *1 (D. Colo. July 2, 2010) (unpublished) (citing Fed. R. Civ. P. 42(b) advis. comm. notes (noting that bifurcation should not be routinely ordered))).

1

When plaintiffs maintain pending claims both against municipal employees and municipalities for constitutional violations, courts will sometimes bifurcate the portion of discovery concerning whether the municipality has a custom, policy, or practice of violating a certain constitutional right and proceed to summary judgment to permit a decision on qualified immunity issues as soon as possible. Prior to Pearson v. Callahan, 555 U.S. 223, 236 (2009), resolution of the qualified immunity question <u>required</u> decision of whether the plaintiff's constitutional rights were violated. Thus bifurcation frequently allowed for resolution of both the qualified immunity decision at the earliest possible point in the litigation as required, Pearson, 555 U.S. at 232, and eliminated the Monell claim because the alleged constitutional violation was determined not to violate the Constitution. Some cases did not follow that formula because while the individual employee actions did not violate the Constitution, "the cumulative effect of what the[ employees] did pursuant to the practice or policy of the County could be a violation, and . . . Monell does not require that a jury find an individual defendant liable before it can find a local governmental body liable." Garcia v. Salt Lake Cty., 768 F.2d 303, 310 (10th Cir. 1985).

In this post-Pearson era, many claims against municipalities go forward without any claims against individuals because courts regularly skip the question of whether a constitutional violation occurred and move straight to the question of whether the alleged constitutional right was clearly established at the time of the assumed violation. See Gadd v. Campbell, 712 F. App'x 796, 799 (10th Cir. 2017) (unpublished) (skipping to the second prong to dismiss the individuals based on qualified immunity). In this case, the municipal employees have either been dismissed or prohibited from being added to the case. Thus the only remaining claim involving state action is the Monell claim against South Jordan.

The Court finds South Jordan has failed to meet its burden to show bifurcation of discovery will increase convenience, avoid prejudice, or be conducive to expedition and economy. See Sensitron, Inc. v. Wallace, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007) (noting the burden falls on the movant to prove the propriety of bifurcation). First, while the parties could avoid some discovery by bifurcation if South Jordan prevails on its early summary judgment motion, the Court anticipates numerous disputes and motions regarding where to draw the line of relevant discovery. See Ecrix Corp. v. Exabyte Corp., 191 F.R.D. 611, 614 (D. Colo. 2000) (refusing to bifurcate discovery despite having bifurcated trial because of anticipated disputes regarding overlap). Second, the Court finds that overlap exists in the discovery needs on the constitutional violation and custom, policy or practice prongs given the way Mr. Gadd states his claim. This overlap makes drawing the line between what discovery is relevant at this stage particularly difficult, and as noted above, bifurcation would likely lead to a multiplication of discovery disputes on this issue. Third, if South Jordan does not prevail on the constitutional violation prong, discovery will recommence requiring re-deposition of those previously deposed once South Jordan produces additional documents, which certainly would not promote judicial economy in this already three-year-old case. Fourth, additional discovery conducted after an initial summary judgment motion may reveal supplementary evidence that would permit South Jordan to assert a different argument on the constitutionality prong in a subsequent summary judgment motion in addition to a motion on custom, policy, or practice. This district generally disfavors multiple summary judgment motions, DUCivR-56-1(b)(1), and multiple summary judgments motions would further delay resolution of this case, which poses a significant concern given the age of

the case.  Fifth, to the extent Mr. Gadd seeks burdensome discovery from South Jordan, the Court finds that discovery orders will more precisely address this issue than bifurcation of discovery.  Finally, this case is already over three years old due to motion practice revolving around qualified immunity that went up to and came back from the Tenth Circuit, and as this Court previously expressed in its Order denying South Jordan's Motion to Stay, the more time that passes prior to discovery beginning, the more risk for lost evidence due to fading memories and other effects of the passage of time.  (ECF No. 134.)  Put simply, this case is an ordinary case that does not require bifurcation for the convenience of the parties, to promote efficiency, or to avoid prejudice.  Therefore, the Court DENIES South Jordan's motion to bifurcate discovery.

Following the Court's ruling from the Bench, South Jordan moved to stay the discovery it seeks to bifurcate until it can object to this Court's Order and obtain a decision on that objection.  South Jordan agrees to file any objection to this Order on or before December 14, 2018.  The Court granted that Motion explicitly excluding those items previously ordered produced by its Order at ECF No. 144.

SO ORDERED.

DATED this 7th day of December, 2018.

BY THE COURT:

_____
Magistrate Judge Evelyn J. Furse